**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| TERESA WARD COOPER and | § | |
| JAY S. COOPER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. 4:14-cv-00573 |
| | § | |
| THE UNITED STATES ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are the following motions in this case:

• Plaintiffs' Motion to Recuse (Dkt. 11);

• Plaintiffs' Notice of Withdrawal of Motion to Recuse (Dkt. 19);

• Plaintiffs' Request for Ruling (Dkt. 20);

• The United States of America's Motion to Dismiss or Stay this Lawuist as Duplicative or Malicious, Under 28 U.S.C. § 1915(e)(2)(B)(i) or, in the Alternative, Motion for Extension of Time to File Answer or Rule 12(b) Motion (Dkt. 24);

• Plaintiffs' Motion for Leave to File Surreply (Dkt. 27);

• Plaintiffs' Motion for Sanctions (Dkt. 31); and

• Plaintiffs' Motion for Leave to or to Extend Time (Dkt. 34)

As a preliminary matter, Plaintiffs' Notice of Withdrawal of Motion to Recuse (**Dkt. 19**) is

**GRANTED**, and Plaintiffs' Motion to Recuse (**Dkt. 11**) is **DENIED as MOOT**. Plaintiffs' Motion

for Leave to File Surreply (**Dkt. 27**) and Plaintiffs' Motion for Leave to or to Extend Time (**Dkt. 34**)

are **GRANTED**, and the Court will consider the record before it.

The Court next addresses the United States of America's Motion to Dismiss or Stay this Lawuist as Duplicative or Malicious, Under 28 U.S.C. § 1915(e)(2)(B)(i) or, in the Alternative, Motion for Extension of Time to File Answer or Rule 12(b) Motion (Dkt. 24), Plaintiffs' Motion for Sanctions (Dkt. 31), and Plaintiffs' Request for Ruling (Dkt. 20).

In their motion to dismiss, Defendants argue that this lawsuit is duplicative of a suit filed by Plaintiffs in this District in August 2013. *See* Case 4:13cv487-RC-ALM. That case was dismissed by U.S. District Judge Ron Clark in December 2013.

In Plaintiffs' previous case, the Court found that Plaintiffs' claims should be dismissed without prejudice because Plaintiffs failed to pay the sanctions ordered in one of the five previous civil actions filed in the United States District Court for the Eastern District of Texas. That case is currently on appeal at the Fifth Circuit.

Defendants argue that this case and Case 4:13cv487 both center around an August 23, 2011 search conducted by government agents at Plaintiffs' house. According to Defendants, the complaints in both cases include nearly verbatim factual allegations and the named defendants in the two suits are also the same, or nearly the same. Defendants argue that the only apparent difference between the two suits is that, while the first complaint makes various references to the Federal Tort Claims Act and brings tort claims, the second complaint expressly brings claims under the Act.

Defendants claim that, when Plaintiffs originally filed this second suit in the Northern District of Texas, Plaintiffs did not comply with a Northern District local rule requiring that the complaint be accompanied by a notice of related case and that Plaintiffs did not notify the Eastern

District of the related case after it was transferred. Defendants further argue that Plaintiffs omitted specific information about their prior Eastern District case in their application to proceed *in forma pauperis* filed in the Northern District of Texas.

The Fifth Circuit has held that "[w]hen a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985). As to cases in which parties are proceeding *in forma pauperis*, as is the case here, statutory authority also provides that "the court shall dismiss the case at any time if the court determines that...the action...is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is "malicious" within the meaning of the statute "if it 'involve[s] a duplicative action arising from the same series of events and alleg[es] many of the same facts as an earlier suit.'" *Brown v. Texas Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

Having reviewed the record before it, the Court finds that this suit arises from the same series of events and includes verbatim allegations as the suit dismissed by Judge Clark and currently on appeal. It is duplicative within the meaning of the *in forma pauperis* statute, and the Court finds that Plaintiffs filed the second suit in the Northern District, withholding information about the prior Eastern District case, in an effort to circumvent a finding of duplicative litigation in this District. Such is frivolous and malicious and does not reflect the candor expected of all litigants, even those who are proceeding *pro se.* For these reasons, this suit should be dismissed

Moreover, even if it were not duplicative of the other suit, as with Plaintiffs' prior suit and for the same reasons set forth in the Court's findings in that suit, the Court will not allow this case

to proceed without Plaintiff Jay Cooper satisfying the earlier imposed sanctions. "A federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case" as a sanction for a party's failure to obey court orders. *Matter of United Markets Intern., Inc.,* 24 F.3d 650, 654 (5th Cir. 1994). The deterrent effect of the monetary sanctions ordered against Plaintiff Jay Cooper in Cause No. 4:10cv689 is eviscerated by allowing Plaintiffs to proceed here without first showing compliance with the Court's order, and allowing this case to proceed is a continued waste of judicial resources. *See id.*; *In re McDonald*, 489 U.S. 180, 109 S. Ct. 993 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").

The United States of America's Motion to Dismiss or Stay this Lawsuit as Duplicative or Malicious, Under 28 U.S.C. § 1915(e)(2)(B)(I) (Dkt. 24) should be granted and this case should be dismissed as duplicative.[1] Because the motion requests that the dismissal be without prejudice, that is what the Court recommends. Plaintiffs are cautioned, however, that, if they are permitted to make any future filings in this Court, they shall fully disclose all prior cases and failure to do so may result in immediate dismissal or other appropriate sanctions.

Because the Court finds that this case should be dismissed, sanctions against Defendants are not warranted and Plaintiffs' Motion for Sanctions (Dkt. 31) should be denied. Given the recommended dismissal, Plaintiffs' Request for Ruling (Dkt. 20), seeking a ruling on their Petition

---

[1]Because the Court finds that the case should be dismissed, it need not reach the United States's alternative request to extend the time to file an answer or Rule 12(b) motion.

for Release of Seized Property, should also be DENIED.

Therefore, the Court recommends that the United States of America's Motion to Dismiss or Stay this Lawsuit as Duplicative or Malicious, Under 28 U.S.C. § 1915(e)(2)(B)(I) (**Dkt. 24**) be **GRANTED**, that Plaintiffs' Motion for Sanctions (**Dkt. 31**) be **DENIED**, that Plaintiffs' Request for Ruling (**Dkt. 20**) be **DENIED**, and that this case be dismissed without prejudice as duplicative.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge regarding Defendants' motion to dismiss, Plaintiffs' motion for sanctions and Plaintiffs' request for ruling. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 12th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

5